JAMES A. NEAL, Appellant, v. A. L. SMITH et al., Respondents.

St. Louis Court of Appeals, April 19, 1892.

1. **Mechanics' Liens:** INSUFFICIENT ACCOUNT. An account filed as a mechanic's lien, though filed by the original contractor with the owner of the land, and though for the amount of the agreed contract price, will be insufficient to create a lien, if it consists of a single lumping charge for the erection of the building as per contract.

2. ———: SUFFICIENCY OF ACCOUNT. *Held*, in the course of discussion, that the goodness of the mechanic's lien cannot depend upon whether the action for the enforcement of the lien is brought upon an express contract or a *quantum meruit*.

*Appeal from the Greene Circuit Court.*—HON. O. H. TRAVERS, Special Judge.

AFFIRMED.

*A. W. Barry*, for appellant.

It is the conceded doctrine in this state that the statutes relating to mechanics' liens are remedial, and

should be liberally construed. *DeWitt v. Smith*, 63 Mo. 263; *McAdow v. Sturtevant*, 41 Mo. 220. The building having been constructed entire under a contract, all the terms of which have been complied with, the contract price is *prima facie* evidence of the value of the work done and the materials furnished. *Rude v. Mitchell*, 97 Mo. 365. Where a special contract has been fully executed and nothing remains but to pay the stipulated sum of money due thereon, a plaintiff may sue on the contract, and the contract will determine the rights of the parties. *Mansur, v. Botts*, 80 Mo. 655; *McDermott v. Jones*, 2 Wall. 1. Where the entire work has been performed and materials furnished strictly in pursuance of a contract between plaintiff and defendants as owner, there having been no changes nor additions made, an account of claim setting forth said contract and the amount due thereon is sufficiently specific. *Hilliker v. Francisco*, 65 Mo. 598; *Kern v. Pfaff*, 44 Mo. App. 34. Where the contract for construction of the building is for a sum in gross, as in this case, the one item given is sufficient. *Lewis v. Cutter*, 6 Mo. App. 56; *Kling v. Railroad*, 7 Mo. App. 411. The contract recited in the lien becomes a part of it, and constitutes a "just and true account." *Nelson v. Withrow*, 14 Mo. App. 278.

*Haseltine Bros.*, for respondents.

THOMPSON, J.—This action is brought by a principal contractor to recover $900, the contract price for the building of a house under a contract made between the plaintiff and the defendant, A. L. Smith, who was the owner of the ground upon which the house was built, joining as defendant H. Donohue, a subsequent purchaser from Smith, and E. A. Hamilton, who is trustee in a deed of trust placed upon the property. At the trial the mechanic's lien paper was offered in

evidence by the plaintiff, but was rejected by the court, and thereafter judgment was given against the validity of the lien, but also in favor of the plaintiff against the defendant Smith for the sum for which the action was brought, with interest and costs. To reverse this judgment and secure the establishment of the mechanic's lien, plaintiff prosecutes this appeal.

The plaintiff gave evidence tending to show that he made a contract with the defendant, A. L. Smith, then the owner of certain described premises, to erect a frame house of certain dimensions upon the premises for the round sum of $900, and that the contract was not reduced to writing. He then offered in evidence a mechanic's lien paper, in which the account was stated as follows:

*A. L. Smith, To James A. Neal, Dr., May 14, 1890.* To building house above described, as per above contract...................... $900·

The circuit court committed no error in rejecting the mechanic's lien paper based upon this single item of account. The case falls entirely within the decision of the supreme court in *Rude v. Mitchell*, 97 Mo. 365, where it was held that, where the account, filed as the basis of a mechanic's lien in a case between the original contractor and the owner, states the whole contract price of the building in one item, this is not the "just and true account" required by the statute, but is worthless as a basis of a lien, and that, where the builder files such an account, he acquires no lien. In that case, outside of items for extras and alterations, the account was as follows:

1882, December 1. For alterations and additions, to buildings numbers 210 and 212 N. Third street, as per plan and specifications.... .................... ............ $22,287 00·

In *Smith v. Haley*, 41 Mo. App. 611, 620, 621, we followed and applied the decision in the last-named case, where the first item · of the account was simply

this: "To building complete, one two-story house with mock-mansard roof, situated at number 2819 Sheridan avenue, for contract price, $3,990."

It is impossible to distinguish these two cases from the case now under consideration. We add a thought, called up by the printed argument submitted for the appellant, which is that the goodness of the mechanics' lien cannot on any conception be made to depend upon the question, whether the action against the owner is brought upon a contract itself or upon a *quantum meruit*.

The judgment of the circuit court will accordingly be affirmed. It is so ordered. All the judges concur.