J. F. MEYER MANUFACTURING CO., Appellant, v. R. F. SELLERS, et al., Respondents.

Kansas City Court of Appeals, February 7, 1916.

MECHANIC'S LIENS: Termination of Account: Replacing Defective Material not an Extension of Account. After the termination of an account, the supplying of new· articles, without charge, to replace articles furnished under the account but which have proved to be defective, does not have the effect of extending the time for filing the lien. Hence, where the original account terminated, and after the owner of a house had accepted it from the contractor as complete and had paid therefor and moved into it, a door proved to be defective, which the plaintiff replaced by furnishing, without charge, a new door, such act does not have the effect of extending the account down to the date of the furnishing of the new door so as to render valid a lien which was filed within four months of the furnishing of the new door but not filed within four months of the account.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain,* Judge.

AFFIRMED.

*H. T. Williams* for appellant.

*George F. Longan* for respondents.

TRIMBLE, J.—This is a suit upon a material-man's lien for materials furnished by plantiffs to Sellers, Rickets & Company, original contractors with defendant, Jacob C. Bloch, for the erection of the latter's residence. Originally, the claim was for $685 but, pending the suit, the contracting firm failed, and its assets were distributed among creditors, plaintiff receiving $123.30 on the claim herein sued on, leaving a balance due plaintiff of $561.75. All the members of said firm except Sellers went into voluntary bankruptcy and were discharged from their debts; whereupon this suit was dismissed as to all except Sellers, as the only remaining original contractor, and Bloch as owner of the property. The latter raised the only defense made in the case. That was that the lien claim was not filed within four months of the accruing of plaintiff's account as required by section 8217, Revised Statutes, 1909. The case was tried by jury resulting in a general judgment against Sellers in plaintiff's favor for the balance due, but, on the question of lien, the judgment was in favor of defendant, Bloch. Thereupon plaintiff appealed.

The erection of the dwelling was commenced in July, 1912. Both Shaw, the foreman of Sellers, Rickets & Company, and defendant Bloch testified that the house was completed in October, 1912, and the owner moved into and occupied it on the 18th of that month. The last item on plaintiff's account for materials furnished and used in the house, at the time the owner accepted and moved into it, was furnished on September 21, 1912. The lien claim was not filed until July 10, 1913. This, of course, was more than four

months after the accruing of plaintiff's account and would defeat the lien unless plaintiff is right in its claim that by reason of it having furnished, on March 12, 1913, a door to replace one formerly supplied by it which had proved defective, the account was extended to that date and was thus brought within the four months prior to July 10, 1913.

The contract price for building the house was $5410, and on the 30th of November, 1912, Mr. Bloch made the last payment thereon amounting to $950 which, with what he had theretofore paid, amounted to more than the contract price.

As stated, the evidence is that the house was finished and made complete in every respect in October, 1912, and the owner moved into it October 18th and accepted it as a completed house and shortly thereafter paid for it as such. Everything about the house was all right so far as the owner could see. Shortly after Christmas, however, an outside door commenced to crack. The owner, sometime in January, 1913, mentioned the fact to Sellers and said he thought he ought to have a new door to replace it. Sellers laughingly put him off, and Bloch, knowing that the firm was in financial straits, did not expect him to do anything in regard thereto. However, in April, 1913, about six months after Bloch had accepted and moved into the house, Sellers, Rickets & Company replaced the cracked door with a new one. Bloch says he was surprised to get it. It seems that Sellers, Ricketts & Company wrote plaintiff that the door they had theretofore furnished had proved defective, and asked plaintiff to supply another one in its place. Thereafter plaintiff put another door through the drying process necessary to prevent it from warping, and sent it to take the place of the one it previously furnished. No extra charge was made for this. The new door was merely substituted for the old one. The old door was an item

entering into the original account created sometime prior to September 21, 1912, and plaintiff admits that no charge was made for the new door, yet, in the account sued on, the new door is put in as an item of date March 12, 1913. It is in this manner that the account is sought to be brought down to within four months of the filing of the lien claim.

We are of the opinion that, under the circumstances, the lien claim was not filed within the statutory time; that the replacing of the defective door by the new one in March, 1913, did not have the effect of extending the account so as to enable plaintiffs to hold a lien on defendant Bloch's property filed within four months of that date, but not filed within four months of the time the account terminated.

The evidence shows that the materials were furnished, the house was finished, accepted and paid for, and plaintiff's account was complete and had no further continuity as a business transaction after September 21, 1912. After the termination of an account, the supplying of new articles, without charge, to replace articles furnished under the account but which have proved to be defective, does not have the effect of extending the time for filing the lien. [Homeopathic Assn. v. Harrison, 120 Pa. St. 28; Harrison v. Homeoapathic Assn., 134 Pa. St. 558.]

The case is not like that of Fire Extinguisher Co. v. Farmer's Elevator Co., 165 Mo. 171, for there the work had not been completed, as certain requirements of the contract had been overlooked, and the owner of the property, the Elevator Company, had not approved of nor accepted the work and was not precluded "from demanding further work of construction called for in the contract." [See p. 183.] In the case at bar the evidence shows that the contract had been completed and accepted as complete, and there was in fact no evidence to the contrary. The question

of whether the contract was complete and the house was accepted at the time defendant Bloch says it was, was submitted to the jury and by their verdict they found that it was. The owner had accepted the property as satisfactory and while he afterwards said to the contractor that he thought he ought to have a new door in place of the one that was defective, there is no evidence that he demanded it as a matter of contract right. The evidence shows rather the voluntary and gratuitous furnishing of a new door to replace the old one and thereby make good the defect and cure plaintiff's fault in supplying the first door. We do not think a materialman can, after the termination of an account, extend the time allowed by statute for filing a lien therefor merely by rectifying some fault of his in performing the contract. When the new door was supplied in March, 1913, it was not the addition of a new item to the account so as to bring it down to said date. It was merely the correction of a defective item furnished during the running of the account and the correction related back to the date when the defective item was furnished. The case is not like one where the owner stands upon the contract and refuses to accept the property until the contract has been complied with by the supplying of something not yet furnished, nor is it at all analogous to one where the owner desires a change made and succeeds in having something else supplied that is different from that agreed upon in the original contract.

Plaintiff complains of the court's refusal of its instructions 1, 2 and 6. But both instructions 1 and 2 are, in effect, peremptory instructions to find for plaintiff. No. 1 tells the jury that if the last door was furnished and delivered on or after March 12, 1913, or within four months prior to July 10, 1913, then the finding should be for plaintiff. No. 2 said if the lien claim was filed within four months from the date of

the delivery of the last item of materials in the account, ten days' notice in writing having been previously given to the owner, then the verdict should be for plaintiff. No. 6 told the jury that although the entire amount of materials, contracted by plaintiff to be furnished, were furnished or installed or built into the house, and that thereafter more than four months elapsed, during which there was no settlement between Bloch and the contractors, and the house was not accepted as fully completed by the owner, and that on or after March 12, 1913, and more than four months from the delivery of all materials, a defect was discovered in one of the doors furnished by the plaintiff, and the owner *required* the contractors to take it out and put in a good door, etc., then plaintiff had four months after the delivery of said last-named door in which to file the lien claim, and, if ten days' notice in writing had been given, etc., then the lien was filed in time and the verdict would be for plaintiff for the enforcement of the lien. The first trouble to be noticed with this instruction is that it does not require the jury to find the facts predicated, but merely recites them, and then says: "if said door was put in on or after March 12, 1913, then the plaintiff's mechanic's lien, filed on the 10th day of July, 1913, he having given ten days' previous notice thereof in writing, was filed within the time required by law, and you will find for the enforcement of said lien." The next objection is that the facts predicated are in direct contradiction to the evidence, because all of it, that for plaintiff as well as that for defendant, shows that the house was completed and accepted as a completed house and settlement therefor made.

In lieu of these refused instructions the court on its own motion gave three instructions for plaintiff submitting the question whether or not the last door was furnished by plaintiff and required by defendant as a

part of and in fulfillment of the contract or whether it was supplied after the termination of the account and contract and after the defendant had accepted the house as finished under the contract. These instructions are more favorable to defendant than the evidence justified since there is no doubt but that the door was not furnished until long after the house had been completed and accepted as a finished house meeting the requirements of the contract. The words ''so that the contract could have been recovered upon by the contractors,'' in this instruction do nothing more than emphasize or explain what the court meant as to the contract being complete or incomplete. Taken by themselves, doubtless they would submit a question of law to the jury, but they are saved from that by the rest of the instruction which sets forth the facts which the jury are to settle and determine in arriving at the question whether the last item was furnished as a part of an unfinished contract or was merely supplied after the completion and acceptance of the work under the contract.

Plaintiff objected to the admission of evidence showing that the owner paid for the house at the time it was finished. Of course the mere fact that the owner had paid the contract price would be no defense against a lien for material, and the trial court ruled at the time of the admission of the testimony that it could not be so considered but that it was admitted solely as a circumstance tending to show that the owner regarded the house as finished and the work completed and the house unqualifiedly accepted. In addition to this, the court instructed the jury that the fact that the owner had paid the contract price constituted no defense to the lien, but was only admitted as a circumstance bearing upon the question whether the contract had been fully completed and the house accepted. Under these facts we do not see how this evi-

dence could have misled or prejudiced the jury. The fact of payment was certainly a very vital circumstance to throw light on whether defendant considered the house finished according to contract and whether the door was supplied in fulfillment thereof or was merely afterwards put in to rectify something defective in plaintiff's performance of a contract already executed and completed.

We think the judgment should be affirmed. All concur.