**MARAN–COOKE, INC.,**
Plaintiff-Appellant,

v.

**PURLER EXCAVATING, INC., et al.,**
Defendants-Respondents.

No. 60741.

Supreme Court of Missouri,
En Banc.

June 29, 1979.
Rehearing Denied Sept. 11, 1979.

Edward C. Ahlheim, Niedner, Moerschel, Ahlheim & Bodeaux, St. Charles, for plaintiff-appellant.

Edwin Rader, Clayton, for defendants-respondents.

RENDLEN, Judge.

Appeal from summary judgment denying the claim of Maran-Cooke, Inc., in its suit to enforce a statutory lien against the real property of Rountree Development Corporation for professional engineering services rendered Rountree. We affirm.

On November 5, 1970, Maran-Cooke contracted with Rountree Development Corporation to perform engineering services for the design and construction of Rountree's real estate development in St. Charles County. Though all work under its contract was performed by Maran-Cooke through licensed engineers, Maran-Cooke itself had not obtained the certificate of authority required by § 327.401.2.[1] Rountree paid Maran-Cooke more than $40,000 under the contract before the project faltered late in 1974. On October 30 of that year Maran-Cooke filed liens in the circuit court of St. Charles County totaling $33,391.62 plus interest for the unpaid engineering services performed to that date. On April 25, 1975, Maran-Cooke brought this equitable action to enforce its lien, naming as defendants Rountree Development Corporation, holders of various deeds of trust on the affected real estate and Purler Excavating, Inc.,

which had previously filed a mechanic's lien against the property. Maran-Cooke also filed on the same date a cross-bill in the pending action of Purler Excavating.

All named trustees and holders of deeds of trust[2] moved for summary judgment against Maran-Cooke and the trial court sustained the motion. Following the trial court's order consolidating the actions and finalizing its summary judgment in favor of defendants, plaintiff appealed to the Eastern District of the Missouri Court of Appeals. In view of appellant's constitutional attack on the statute requiring professional engineering corporations to obtain an annual authorization to practice from the Missouri Board for Architects, Professional Engineers, and Land Surveyors, § 327.401.2, that court ruled exclusive jurisdiction lay in this Court and transferred the cause. Mo.Const., art. V, § 3. Our review of the record and briefs reveals that only a question of application rather than construction of the federal and state constitutions is involved and thus the cause properly falls within the jurisdiction of the Court of Appeals, Mo.Const., art. V, § 3 (as amended 1970), but in the interest of economizing judicial time we shall resolve the issues here.

Under the 1969 revisions of chapter 327, RSMo, not only must a professional engineer obtain a "certificate of registration" in order to practice his profession, § 327.191, but any corporation constituting the medium of practice for professional engineers must obtain a "certificate of authority" in order to offer engineering services. § 327.401.2. Chapter 327 implicitly distinguishes between the two types of certification by

---

1. Section 327.401.2 reads in relevant part:

    Any domestic corporation formed under the general and business corporation law or under the professional corporation law of this state, or any foreign corporation, now or hereafter organized and having as one of its purposes the practicing of architecture or professional engineering or land surveying and any existing corporation which amends its charter to propose to practice architecture or professional engineering or land surveying shall obtain a certificate of authority from the board which shall be renewed annually in

    accordance with the provisions of section 327.171 or 327.261 or 327.351, as the case may be, . . .

    All statutory citations are to RSMo 1969 unless otherwise indicated.

2. One such holder's whereabouts were averred to be unknown in Maran-Cooke's pleadings and that holder neither joined in the answer nor in the motion for summary judgment. The trustee for that deed of trust did file answer and join in the motion for summary judgment, however.

**40**

listing them separately in many places. *See, e. g.,* §§ 327.441, .461. However, in other instances chapter 327 simply refers to a "registered professional engineer" in contexts indicating that phrase includes persons holding "certificates of registration" and also organizations holding "certificates of authority." *See* §§ 327.421, .451.1.

■ The right to a materialman's lien is purely a creation of statute and did not exist at common law. *Goodner v. Mosker-Roe Abstract & Guaranty Co.,* 314 Mo. 151, 282 S.W. 698 (1926); *Herbert & Brooner Constr. Co. v. Golden,* 499 S.W.2d 541 (Mo. App.1973). The same may be said of the lien afforded professional engineers by S.S. S.B. 217, Laws 1971, p. 424 (codified at § 429.015.1, RSMo Supp.1975). The relevant portion of § 429.015.1 provides:

> Every registered architect, registered professional engineer or registered land surveyor, who does any architectual, engineering or land surveying work upon or performs any architectural, engineering or land surveying service directly connected with the erection of repair of any building or other improvement upon land under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor, upon complying with the provisions of this chapter, shall have for his architectural, engineering or land surveying work or service so done or performed, a lien upon the building or other improvements and upon the land belonging to the owner or proprietor on which the building or improvements are situated, to the extent of one acre.

The statute quite clearly requires that architects, professional engineers, or land surveyors who wish to claim its benefits be "registered."

It is implausible to suggest the legislature used the phrase "registered professional engineer" in § 429.015.1 as restricting the right to pursue a lien only to natural persons or, on the other hand, as limiting the liens only to registered engineers but not so limiting corporations through which they may practice. Stated otherwise we believe the legislature intended to extend the lien right only to *registered* engineers and also to *registered* corporations. "The law favors a construction of a statute which avoids unjust or unreasonable results." *Maryland Casualty Co. v. General Electric Co.,* 418 S.W.2d 115, 118 (Mo. banc 1967). What has been said about mechanics' liens applies as well to these statutory liens: "[O]ur mechanic's lien law is remedial in nature . . . [I]ts purpose is to give security to mechanics and materialmen for labor and materials furnished in improving the owner's property, . . . and . . . the law should be construed as favorable to those persons as its terms will permit." *R. L. Sweet Lumber Co. v. E. L. Lane, Inc.,* 513 S.W.2d 365, 371 (Mo. banc 1974), quoting *Kinnear Mfg. Co. v. Myers,* 452 S.W.2d 599, 602 (Mo.App. 1970) (citations omitted). Professional corporations could hardly be the advantageous mode of practicing the engineering profession that the legislature contemplated in § 327.401.1 were they not capable of enforcing claims through liens. On the other hand, not just any corporation engaged in these professions may claim the statutory lien created by § 429.015. The legislature specified that only "registered" architects, "registered" professional engineers, and "registered" land surveyors could have the lien, and it would ignore the clear import of that language to conclude professional corporations could have the lien without obtaining the requisite certificates of authority. The legislative intent emerges as permitting only those corporations that have secured a certificate to claim a lien under § 429.015. Because Maran-Cooke did not obtain a certificate, it simply has no lien to claim.[3]

■ This brings us to Maran-Cooke's constitutional challenge to § 327.401.2

---

3. Respondents relied below on § 327.461: "Every contract for . . . engineering . . . services entered into by any person who is not a . . . registered or authorized professional engineer . . . shall be unenforceable by the unregistered or unauthorized . . .

professional engineer . . . ." Section 327.-011, subd. (6), defines "person" as "any person, corporation, firm, partnership, association, or other entity." The conclusion we reach as to § 429.015 makes it unnecessary for us to consider the effect of § 327.461.

wherein it argues that the statute unconstitutionally discriminates against professional engineering corporations by requiring them to secure the certificate of authority while professional engineering partnerships are not so required. The constitutional validity of statutes that neither touch on fundamental civil rights nor involve suspect classifications must be upheld if a rational basis for the legislative classification exists. *City of St. Louis v. Liberman,* 547 S.W.2d 452 (Mo. banc), *cert. denied,* 434 U.S. 832, 98 S.Ct. 116, 54 L.Ed.2d 92 (1977). As early as 1915, the Supreme Court of the United States applying the rational basis standard rejected a similar equal protection challenge to a Missouri statute that mandated the filing of affidavits of compliance with state antitrust laws by corporations but not partnerships. *Mallinckrodt Chemical Works v. Missouri ex rel. Jones,* 238 U.S. 41, 55–56, 35 S.Ct. 671, 59 L.Ed. 1192 (1915). In this case, one readily apparent rational basis for the requirement for certification in § 327.401 is to assist the Board for Architects, Professional Engineers, and Land Surveyors in assuring compliance with the specification of subd. (1) of subsection 2 thereof: "At all times during the authorization or any renewal thereof the directors of the corporation shall have assigned responsibility for the proper conduct of all its . . . professional engineering . . . activities in this state . . . to a professional engineer registered and authorized to practice engineering in this state . . . ." Accordingly, the constitutional challenge fails.

■ Finally, Maran-Cooke urges that equitable principles justify its recovery for the services rendered Rountree. Such principles cannot override the mandate of the legislature in § 429.015 that only authorized corporations may have a lien, and it is to that branch of government that arguments concerning the wisdom and equity of the statute should be addressed.

The judgment of the circuit court of St. Charles County is affirmed.

MORGAN, C. J., BARDGETT, SEILER and SIMEONE, JJ., WELBORN, Special Judge, and FINCH, Senior Judge, concur.

DONNELLY, J., not sitting.

WELLIVER, J., not participating because not a member of the Court when cause was submitted.