S & R BUILDERS AND SUPPLIERS, INC., Plaintiff-Respondent,

v.

Harold A. MARLER et al., Defendants and Third-Party Plaintiffs-Appellants,

v.

Ted TENHOLDER et al., Third-Party Defendants-Respondents.

No. 41522.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 16, 1980.

Charles W. Medley, Farmington, for defendants and third-party plaintiffs-appellants.

David L. Colson, Gary W. Wagner, Farmington, for S & R Builders and Suppliers, Inc. and Ted Tenholder et al.

Eric C. Harris, Mayhugh, Harris & Blackwell, Flat River, for Mueller Plumbing & Heating Co., Inc.

SNYDER, Judge.

This is an equitable mechanic's lien action in which the original plaintiff was respondent S & R Builders and Suppliers, Inc. (S & R) and defendants were Thomas R. Sebastian (Sebastian) and Harold Marler and Martha Marler (Marlers). Ted Tenholder (Tenholder) and Mueller Plumbing and Heating Supply, Inc. (Mueller) were subsequently brought into the action as lien claimants. The court entered a judgment in favor of all three lien claimants against Sebastian, the general contractor, and imposed a lien on three acres out of the Marlers' 65 acre tract. The court appointed the three attorneys who represented Marlers, S & R and Mueller, respectively, to describe the three acre tract subject to the lien. Mr. Medley, attorney for the Marlers, refused to serve. The other two served, described the three acres of land subject to the lien and the trial court accepted their report and made the judgment final. Sebastian did not appeal from the judgment against him. The Marlers appealed, raising six points of error.

Appellants claim the trial court erred in: (1) allowing a lien to be imposed on three acres of land because the law existing at the time the lien attached permitted a lien on only one acre of rural real estate; (2) appointing commissioners and especially in appointing the attorneys of record as commissioners; (3) finding a lien in favor of Mueller because its lien was not timely filed; (4) allowing Mueller a lien because its evidence failed to establish the reasonable value of its labor and material; (5) finding a lien in favor of Tenholder because his mechanic's lien statement was not a just and true account for the reason that he failed to itemize labor; and (6) finding a lien in favor of S & R because its mechanic's lien statement was not a just and true account for the reason that it contained many nonlienable items and other items which were not legible.

There was no error except in the appointment of the attorneys of record as commissioners. The judgment imposing the liens is affirmed but remanded to the trial court with instructions to appoint disinterested commissioners to describe the three acres subject to the mechanic's lien.

■ The standard of appellate review of this court-tried mechanic's lien case is set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976). The standard requires that the decree of the trial court must be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. Rule 73.01.

The Marlers' first point questions the imposition of the lien on three acres because the law at the time the liens attached provided for a lien on only one acre of rural real estate. The liens were for work and materials furnished during the latter part of 1972 and early 1973. At that time, § 429.010, RSMo 1969 provided for a lien on one acre for improvements to land not situated in any town, city or village. The statute was amended in 1974 to provide for a lien on three acres for improvements to land not situated in any city, town or village. § 429.010, RSMo 1978.

■ The court was correct in granting a lien on three acres. Article I, Section 13 of the Missouri Constitution provides "[t]hat no ex post facto law, nor a law impairing the obligation of contracts, or retrospective in its operation, ... can be enacted." However, this section of the constitution does not apply to a statute dealing only with procedural remedies. "In such case the statute applies to all actions falling within its terms, whether commenced before or after the enactment, ... unless a contrary intention is expressed by the legislature...." *Scheidegger v. Greene*, 451 S.W.2d 135, 137[1, 2] (Mo.1970) citing *State ex rel. Clay Equipment Corp. v. Jensen*, 363 S.W.2d 666, 669[1, 2] (Mo. banc 1963); *State ex rel. LeNeve v. Moore*, 408 S.W.2d 47, 49[1] (Mo. banc 1966).

■ In *Barker v. St. Louis County*, 340 Mo. 986, 104 S.W.2d 371, 378[10] (1937), the Missouri Supreme Court said, quoting Corpus Juris, " 'Substantive law is that part of the law which creates, defines and regulates rights, as opposed to adjective or remedial law, which prescribes the method of enforcing rights or obtaining redress for their invasion.' 36 C.J. p. 963." The mechanic's lien law is remedial in nature. *Maran-Cooke, Inc. v. Purler Excavating, Inc.*, 585 S.W.2d 38, 40[2, 3] (Mo. banc 1979); *Yamnitz v. Polytech, Inc.*, 586 S.W.2d 76, 84[15–17] (Mo.App.1979). It is adjective or procedural law and the amendment changing the lien tract from one acre to three acres applies to the present action even though it was commenced before the passage of the amendment, the legislature having expressed no contrary intention.

Appellants rely only on *Lucas v. Murphy*, 348 Mo. 1078, 156 S.W.2d 686 (1941) for the proposition that all new statutes must be held to operate prospectively only, unless the intent is clearly expressed to the contrary in the statute. *Lucas v. Murphy* is distinguishable because it dealt with the taxing statute relating to unemployment compensation which is a substantive law creating a right in the state to levy taxes to pay for unemployment benefits. The court in *Lucas v. Murphy* held only that the taxing statute was passed after the lien of a deed of trust came into existence and therefore the tax lien did not take precedence over the prior deed of trust. There is language in *Lucas v. Murphy* which seems to support appellant's position, but the case makes no distinction between statutes affecting substantive rights and those affecting procedural remedies. This point is ruled against appellants.

Appellants' second point relating to the appointment of commissioners is well taken. In the first part of their brief they refer to the appointment of a referee by the trial court under Rule 101.16, but in fact the court did not rely on that rule, and did not appoint a referee but appointed commissioners as it was empowered to do. *Hertel Electric Co. v. Gabriel*, 292 S.W.2d 95, 100[5, 6] (Mo.App.1956); *Tual v. Martin*, 228 Mo. App. 30, 66 S.W.2d 969 (1933).

■ The trial court erred, however, in appointing the lawyers of the parties as commissioners to determine the acreage subject to the lien. Neither the lawyer for the Marlers nor the attorneys for the lien claimants could be considered unbiased, and it placed the lawyer for the Marlers in an untenable position to be asked to establish the boundaries of the three acres upon which a lien was to be imposed against his clients. He understandably declined to serve in that capacity. A fair hearing under the American idea of justice implies an unbiased presiding officer. *Jones v. State Department of Public Health and Welfare*,

354 S.W.2d 37, 40[4–6] (Mo.App.1962). The duty of the commissioners was not to hold a hearing but it was to make a decision which would affect the lien rights of the claimants against the land of the Marlers. Unbiased commissioners should have been appointed. Needless to say, the appointed attorneys were not unbiased. This point is ruled in favor of appellants.

The third claim of error raised by appellant relates to the lien found in favor of Mueller. Appellant alleges that Mueller did not perform any work within four months of filing the lien in the circuit court as required by § 429.080, RSMo 1978.

Appellant argues that the only work performed within four months of the lien filing was not part of Mueller's contract and was of a trivial nature. Mueller was a subcontractor of Sebastian, the general contractor. The subcontract covered the installation of heating and air-conditioning for the lump sum of $1,873. The lien amount was $1,913 because of extras added later. The work on the subcontract was completed on December 22, 1972 and billed to the general contractor. Mueller's records show that an extra register was installed on March 5, 1973 and that Mueller returned to the job to repair another contractor's work on April 23, 1973. The lien was filed on July 25, 1973.

Unless the work done on April 23, 1973 was lienable, Mueller's claim must fail. The work done by Mueller on April 23 was lienable. It is undisputed that work was done on March 5, 1973, the work being the installation of three vent registers. Subsequently, on April 23, 1973 Mueller's installer, Dan Dunlap, and an assistant expended one hour of labor and used two one-half gallon cans of roof flashing cement to correct a water leak.

■ There is testimony that the work done on March 5, 1973 and on April 23, 1973 was done at the request of the Marlers, although the Marlers deny this. The credibility of the witnesses was for the trial

court to decide and the court chose to believe that the Marlers did indeed request the work to be done. Inasmuch as the last date that materials and labor were incorporated into the residence was April 23, 1973 and the mechanic's lien was filed on July 25, 1973, the lien was filed within four months of the date the indebtedness accrued, as required by the statute for the perfection of the lien. § 429.080, RSMo 1978.

The Marlers' contract called for the completion of the job in a workmanlike manner and the final work performed by Mueller was done in compliance with this contract provision. In *A. E. Birk & Son Plumbing & Heating, Inc. v. Malan Construction Co.,* 548 S.W.2d 611, 616[5] (Mo.App.1977), the court held that repairs to a broken pipe constituted a part of the original contract because the repairs were necessary to achieve completion of the project in a workmanlike manner. The court also found that it was immaterial whether or not the fault or defect in the subcontractor's work was caused by an unknown third party or by the neglect of the contractor's installer.

■ If the work had been done after the Marlers had accepted the building as substantially completed under the contract, the work would not be lienable. A subcontractor cannot, after the termination of an account, extend the mechanic's lien filing time by rectifying some fault of his in performing the contract. *J. F. Meyer Manufacturing Co. v. Sellers,* 192 Mo.App. 489, 182 S.W. 789, 790–791[1] (1916). However, in the case under review, the trial court evidently believed the Marlers requested the additional work to be done. Approximately one week after April 23, 1973, the Marlers, along with A. G. Mueller and his son, inspected the leak which had been repaired by Mueller, after which Mr. Marler told the Muellers that the job was satisfactory to him and was complete. The lien time, therefore, began to run on April 23, 1973. The facts of the cases cited by appellants are distinguishable.[1]

---

1. In *J. F. Meyer Manufacturing Co. v. Sellers,* 192 Mo.App. 489, 182 S.W. 789 (1916), the

plaintiff supplier provided a new door to replace one which cracked within three months

The Marlers argue that the work performed by Mueller on April 23, 1973 was of a trivial nature. But the last item installed or the last amount of labor expended may be small compared to the entire construction project and yet be lienable. *J. R. Meade Co. v. Forward Construction Co.*, 526 S.W.2d 21, 32[27–29] (Mo.App.1975); *Trout's Investments, Inc. v. Davis*, 482 S.W.2d 510, 514[2] (Mo.App.1972); *Harry Cooper Supply Co. v. Rolla National Building Co.*, 66 S.W.2d 591, 596[6] (Mo.App. 1933). Admittedly the repair of the leak in the roof flashing was a minor job compared with the entire project but it was done at the request of the Marlers and before they accepted the work as complete. After they inspected the final work the Marlers said they were satisfied and that the job was now complete. There was substantial evidence to support the trial court's judgment finding that the work done on April 23, 1973 was lienable. This point is ruled against appellants.

As a second argument against the lienability of the April 23 work, the Marlers claim it was done after their general contract with Sebastian had been terminated and therefore was not lienable. They cite *Gauss v. Hussman*, 22 Mo.App. 115 (1886) which held that no lien attached for any material furnished after the death of the contractor, reasoning that if no lien attaches after the death of the contractor, a lien could not attach after the termination of the principal contract. The point is not well taken.

There was no evidence that Mueller knew of the termination of the general contract. The Marlers continued to deal directly with Mueller in reference to the installation of the additional vent and the reworking of the leaking roof flashing. The contract was terminated by the Marlers without notice to Mueller and the work performed by Mueller subsequent to that time was performed at the specific request of the Marlers. The rights of subcontractors, materialmen and workmen cannot be affected by the owner and general contractor without notice and assent. *Kierns v. Gibson*, 289 S.W.2d 358, 362[6] (Mo.App. 1927). Mindful of the requirement that the mechanic's lien statute should be liberally construed to achieve its purposes, *Roy F. Stamm Electric Co. v. Hamilton-Brown Shoe Co.*, 350 Mo. 1178, 171 S.W.2d 580, 584[9] (Mo. banc 1943), *Bremer v. Mohr*, 478 S.W.2d 14, 17[3] (Mo.App.1972), this court finds that the work done on Marlers' house by Mueller on April 23, 1973 was lienable.

For their fourth point, the Marlers charged the trial court erred in allowing Mueller a lien for $1,913.00 plus interest of $577.09 for the period from July 10, 1973 to July 20, 1978 or a total judgment of $2,490.09 plus interest from July 20, 1978 at six percent (6%) per annum because Mueller's evidence failed to establish the reasonable value of its labor and material. This point was not preserved for appellate review because appellants failed to state

---

of completion of the house. The contractor had requested it but the owner testified that he had not expected to have it replaced. The new door was installed almost five months after the owner had accepted the work and moved into the house. The plaintiff attempted to use the new door's installation date to support his lien for the whole account filed just under four months later. The court held that the new item merely replaced an article already furnished and accepted which had proven defective and did not extend the supplier's filing time. The work done on the Marlers' residence was not mere replacement of a previously accepted, though defective, part, but a requested and necessary part of performance of the contract which required the job to be completed in a workmanlike manner.

In *R. J. Schwab & Sons, Co. v. Frieze*, 107 Mo.App. 553, 81 S.W. 1174 (1904), a broken part was replaced without charge to the purchaser and the court held that this did not extend the supplier's filing time because the transaction was completed earlier and the replacement part had no affect on the account. A different situation exists in the case under review.

The work performed within four months of filing was found nonlienable in *Floreth v. McReynolds*, 205 Mo.App. 143, 224 S.W. 995 (1920). The court found a charge had been made only to extend the time for filing a lien and was not for a contract item.

wherein and why there was a failure to establish the reasonable value of Mueller's labor and materials. They cite an authority only for a general statement of the law relating to the itemized statement required for a lien account, but do not otherwise describe how Mueller's evidence was deficient. Therefore, the point is ruled against the Marlers.

 Appellants' fifth assignment of error relates to respondent Tenholder's lien for $2,966.55 plus interest from April 20, 1973 to July 20, 1978 of $934.45 or a total judgment of $3,901.00 plus interest from July 20, 1978 at six percent (6%) per annum. Appellants claim the court erred in finding a lien in favor of Tenholder because his mechanic's lien statement was not a just and true account in that he failed to itemize labor. The point is not well taken.

It would have been preferable for Tenholder to have been more specific in the application of the labor item. However, he listed every bit of material which was used in the job, over 80 items, and then listed labor ($977.00) in a lump sum, the labor obviously being for the installation of the materials listed. In *Feeny v. Rothbaum*, 115 Mo.App. 331, 137 S.W. 82, 83[4] (1911) which was cited by appellants, a lump sum labor item for plumber's time was held to be specific enough to be lienable. The court said that this specifically designated a kind of labor when considered with the account as a whole. An account showing only a total charge for all bricklaying work and another item designated "[w]ork, materials and labor in installing cement coping as per contract" was held sufficient in *Oli-*

ver *L. Taetz, Inc. v. Groff*, 363 Mo. 825, 253 S.W.2d 824, 830[11] (Mo.1953).

The purpose of itemizing is to apprise the landowners and other interested parties of the labor and materials the lien claimant asserts he had furnished so that the land owner or others may make an investigation to determine whether the materials actually went into the building and whether the charges are reasonable. *Cork Plumbing v. Martin Bloom Associates, Inc.*, 573 S.W.2d 947, 959[13, 14] (Mo.App.1978); *J. R. Meade Co. v. Forward Construction Co., supra*, 27[9]; *Wadsworth Homes, Inc. v. Woodridge Corp.*, 358 S.W.2d 288, 291[2] (Mo. App.1962). The Tenholder lien account was sufficiently specific for this purpose. The cases cited by appellants to support their theory do not apply or are distinguishable on their facts.[2] This point is ruled against appellants.

 Appellants' final point claims error in the finding of a lien in favor of S & R because their lien statement was not a just and true account as required by the statute because the account contained many non-lienable and illegible items. This point, too, must be ruled against appellants.

S & R's lien account consisted of a series of attached invoices listing various items sold to Sebastian for the Marlers' job. The total was $2,852.89. The trial court disallowed $67.29 and rendered judgment for $2,785.60 plus interest from July 13, 1973 to July 20, 1978 of $835.68 or a total judgment of $3,621.28 plus interest from July 20, 1978 at the rate of six percent (6%) per annum. All of the items eliminated by the trial court were tools. Obviously tools would not

**2.** The lienor sued for more than the amount of the contract in *Fuhler v. Gohman & Levine Construction Co.*, 346 Mo. 588, 142 S.W.2d 482 (1940). Whether he itemized with specificity was important to establishing the value of his services under an implied contract.

"Plumbing complete" in *Martin-Welch Hardware & Plumbing Co. v. Spencer*, 214 S.W. 417 (Mo.App.1919) included all materials furnished for a lavatory, a total of $115.00. The court held it not lienable because the items were not listed separately for the owner to determine whether they had gone into the property; labor was not an issue.

*Neal v. Smith*, 49 Mo.App. 328 (1892) involved a lien which stated the construction cost of an entire house in one lump sum. And, in *Feeny v. Rothbaum*, 155 Mo.App. 331, 137 S.W.2d 82 (1911), different types of labor were lumped together making it difficult for the owner to determine whether the charges were reasonable. But, "plumbers' time," was sufficient. Since Tenholder in the case under review provided only plumbing materials, "labor" was enough.

be installed as an integral part of the improvements to real property. The court eliminated 14 items out of a total of 143. This court has examined the 24 invoices making up the account, most of them containing five or more items. It is true, as appellants claim, that the writing on the invoices is difficult to read and that a few of the amounts for the individual items are illegible, but the great majority of the items are readily identifiable and the totals of all the invoices can be read very easily.

▆▆ There is no precise definition of a just and true account in mechanic's lien cases. Whether or not a lien statement is a just and true account depends upon the particular facts of each case. *Sears, Roebuck & Company v. Seven Palms Motor Inn, Inc.*, 530 S.W.2d 695, 698[5] (Mo. banc 1975). This court in *Boyer Lumber, Inc. v. Blair*, 510 S.W.2d 738, 745[4] (Mo.App.1974) held that an item may be lienable whether or not it forms a permanent part of the structure when completed, if it is consumed in its use on the project either in whole or in part. In *Boyer Lumber, Inc. v. Blair* rolls of tape, knives, sandpaper, racks, paint rollers, electric tape and paint brushes were properly lienable items under those circumstances.

▆▆ If a lien claimant submits items of account intentionally and knowingly which are unwarranted, the entire lien right is vitiated. *Sears, Roebuck & Company v. Seven Palms Motor Inn, supra; Gill v. Harris*, 224 Mo.App. 717, 24 S.W.2d 673, 677[2, 3] (1930). However, where a lien contains some nonlienable items for relatively small amounts this does not make the entire lien defective. *Schroeter Brothers Hardware Co. v. Croatian "Sokol" Gymnastic Association*, 332 Mo. 440, 58 S.W.2d 995, 1000[4–6] (1932).

The items which were held to be nonlienable in the *Schroeter* case were tools. Under *Boyer Lumber, Inc. v. Blair, supra*, the court may have found them lienable. There was no evidence that S & R included any items in an attempt to obtain a lien through fraud or misrepresentation. The cases cited by the Marlers can be distinguished and do not support their claim of error.[3]

Appellants argue further that the remaining illegible items vitiate the claim. As noted earlier, all of the ticket totals are legible and the individual amounts which are illegible are too insignificant to vitiate the lien. *Schroeter Brothers Hardware Co. v. Croatian "Sokol" Gymnastic Association, supra*. The point is ruled against appellants.

There was a serious question of credibility in this case. An appellate court must defer to the trial court's judgment as to the credibility of the witnesses. *Peerless Supply Co. v. Industrial Plumbing & Heating Co.*, 460 S.W.2d 651, 657[1, 2] (Mo.1970); *Boyer Lumber, Inc. v. Blair*, 510 S.W.2d 738, 743[1] (Mo.App.1974).

Mechanic's lien laws are remedial in nature and should be liberally construed to carry out their just and beneficial purposes. *Bremer v. Mohr*, 478 S.W.2d 14, 17[3] (Mo. App.1972). The purpose of Missouri's mechanic's lien law is to give security to mechanics and materialmen for labor and materials furnished in improving the owner's property. The law should be construed as favorably to those persons as its terms will permit. *Maran-Cooke, Inc. v. Purler Excavating, Inc.*, 585 S.W.2d 38 (Mo. banc 1979); *J. R. Meade Co. v. Forward Construction Co.*, 526 S.W.2d 21 (Mo.App.1975); *Kinnear Manufacturing Co. v. Myers*, 452 S.W.2d 599, 602[1, 2] (Mo.App.1970).

Bearing in mind the remedial nature of the mechanic's lien law and the trial court's opportunity to hear firsthand the testimony of the witnesses, this court finds in favor of the claimants and affirms the judgment of the trial court except as to the designation of the three acres upon which the lien ap-

---

**3.** *Feurt v. Lotspeich*, 221 Mo.App. 355, 273 S.W. 240 (1925) was a claim for services rendered which the court found to be materially incorrect and intentionally falsified. The mistake in *Gill v. Harris*, 224 Mo.App. 717, 24 S.W.2d 673 (1930) was made repeatedly, leading the court to conclude that it was intentional. The lien in *Putnam v. Heathman*, 367 S.W.2d 823, 829[9] (Mo.App.1963) contained a nonlienable loan disguised as "advance labor."

plies. The cause is remanded to the trial court with instructions to appoint disinterested commissioners who will designate the boundaries of the three acre tract subject to the lien and report their description to the trial court for its approval. Upon approval of the tract, the court shall reenter the judgment as a lien against the approved three acres. It is so ordered.

STEWART, P. J., and WEIER, J., concur.