### Elmer CATTOOR and Marie Cattoor, Respondents,

v.

### William E. WELLS and Dorothy E. Wells, Appellants.

### No. 44680.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 19, 1982.

Ellsworth Cundiff, Jr., St. Charles, for appellants.

Daniel K. Barklage, St. Charles, for respondents.

REINHARD, Judge.

Defendants appeal from the circuit court's decree declaring the plaintiffs the owners of a mobile home and enjoining defendants from taking that mobile home and from claiming any interest in it.

In July of 1978 the plaintiffs sold their tree nursery to defendants for $275,000.00. Defendants paid $30,000.00 in cash and, for the balance, executed in favor of plaintiffs two notes secured by deeds of trust on the property. Defendants defaulted on their payments, and plaintiffs foreclosed on the deeds of trust. Plaintiffs purchased the nursery at the foreclosure sale.

After the foreclosure, the plaintiffs initiated this suit seeking, inter alia, a declaration that they own a mobile home located on the nursery grounds and an injunction preventing defendants from taking the mobile home and from claiming any interest in

it. The trial court found that the trailer had become a fixture when plaintiffs placed it on their property in 1972. The court further found that the deeds of trust covered the land and all appurtenances, which include fixtures, and that, therefore, the plaintiffs as owners of the real property are entitled to the trailer. On appeal, defendants maintain that the trailer is personalty rather than a fixture and, therefore, they retain ownership despite the foreclosure sale of the realty.

We will sustain the trial court's judgment in this court-tried case unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Applying this standard, we affirm the trial court's judgment.

In *Bastas v. McCurdy,* 266 S.W.2d 49, 51 (Mo.App.1954), the court described a fixture as follows:

A fixture is an article of the nature of personal property which has been so annexed to the realty that it is regarded as a part of the land and partakes of the legal incidents of the freehold and belongs to the person owning the land. The term is expressive of the act of annexation and necessarily implies something that has existed apart from realty but which may, by being attached thereto, become a part thereof. Whether an article is a fixture or not depends upon the facts and circumstances of the particular case.

The tests to determine whether an article is a fixture "all present questions of fact and are not ordinarily resolvable by law." *Id.*

The elements of a fixture are annexation to the realty, adaptation to the location, and intent of the annexor. Intent is generally regarded as the most important element, "at least in the case of controversies between the seller and purchaser . . . where the controlling question is usually that of whether the intention in annexing the article to the realty was to make it a permanent accession to the land." *Matz v. Miami Club Restaurant,* 127 S.W.2d 738, 741

(Mo.App.1939). The intent of the annexor at the time of annexation controls. *Marsh Spradling,* 537 S.W.2d 402, 404 (Mo.1976). However, the status of property having the character of a fixture can be changed by agreement. *Pile v. Holloway,* 129 Mo.App. 593, 107 S.W. 1043, 1044 (Mo.App.1908). But if, at the time of sale under a deed of trust, the property retains it character as a fixture, the fixture passes by the sale of the real property. There is no requirement that the deed of trust specifically refer to the fixture. *See Sims v. Williams,* 441 S.W.2d 385, 389 (Mo.App.1969).

At the trial in this case the parties presented evidence of the following facts. The plaintiffs purchased the real property in 1971 with the intention to operate a tree nursery on the land. In 1972, they purchased the mobile home to use as their residence and as the office for the nursery business. They specifically ordered a specially built trailer that had two bathrooms with one suitable for use as a public bathroom. When the trailer arrived, it was set on a concrete slab and was connected to water, sewage, and power lines. For the entire time they occupied it, the plaintiffs had the trailer assessed as real property rather than personal property. They planted trees beside the trailer and attached awnings to the trailer and then anchored the supports for those awnings in cement. The trees and awnings would make moving the trailer difficult. During the entire time they operated the nursery, plaintiffs used one room of the trailer as the office for the business and reserved one bathroom for public use. Clearly, there was sufficient evidence to permit the trial court to find that all the elements of a fixture were present when plaintiffs placed the mobile home on their property and while they continued to own the property.

There was some evidence that indicated that the parties agreed to convert the trailer to personal property. The contract provided for the sale of the business, the realty, the personalty, and the trailer. Plaintiffs delivered to defendants the cer-

tificate of title, signed in blank and unnotarized. However, all the other evidence indicated the parties' intent that the trailer remain a fixture. Defendants did not apply for a new certificate of title until nearly a year later, and then for the sole purpose of using the trailer as collateral for a bank loan. As the plaintiffs had, the defendants used the trailer as their residence and permitted the public to use one of the bathrooms. When defendants defaulted, the trailer was still attached to the realty in the manner it had been when they purchased the business. Furthermore, plaintiffs financed 89% of the $275,000.00 purchase price, but made no separate security agreement covering the trailer. The deeds of trust provided for all appurtenances. We believe the greater weight of the evidence supports a determination that the parties did not agree to convert the trailer to personalty.[1]

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

**1.** We find that § 700.110, which sets out the acts required to convert a trailer into a fixture, does not apply in this case. That statute was not enacted until 1976, and the trailer here was attached to the realty in 1972. We do not apply statutes retroactively unless the legislators have made clear their intent that the statute be so applied or unless the statute is merely procedural. *State ex rel. St. Louis San Francisco Ry. Co. v. Buder,* 515 S.W.2d 409, 410 (Mo. banc 1974). Therefore, the trial court did not err in applying the common law tests rather than the statutory tests in determining whether the trailer was a fixture.