Robert R. WISDOM, d/b/a Robert R. Wisdom Oil Co., Plaintiff-Respondent,

v.

Jack ROLLINS, Defendant-Appellant.

No. 13191.

Missouri Court of Appeals,
Southern District,
Division Three.

Jan. 13, 1984.

Karen J. Miller, Hyde, Purcell, Wilhoit, Spain, Edmundson & Merrell, Poplar Bluff, for defendant-appellant.

Jim Markel, Poplar Bluff, for plaintiff-respondent.

FLANIGAN, Judge.

Plaintiff Robert R. Wisdom, d/b/a Robert R. Wisdom Oil Company, brought this action against defendant Jack Rollins for $5,000 based on a claim that a loan in that amount was made by plaintiff to defendant on February 4, 1981, and was unpaid. Attached as an exhibit to the petition was plaintiff's check dated February 4, 1981, in the amount of $5,000 payable to defendant which defendant admittedly cashed.

Defendant's answer pleaded that the transaction represented by the check was not a loan but "was earnest money given to the seller (defendant) by the buyer (plaintiff) to seal the bargain, and in the negotiations for the sale of certain property owned by defendant which was being purchased by plaintiff." The answer further alleged that the agreement was that the earnest money would be forfeited by plaintiff and kept as liquidated damages by the defendant if the transaction was not completed, that plaintiff failed to complete the transaction and that defendant was entitled to keep the $5,000.

By counterclaim, seeking $25,000, defendant alleged that during the negotiations, and "while the premises were under the care and custody of the plaintiff," plaintiff removed certain equipment belonging to defendant.

Sitting without a jury the trial court found that the $5,000 transaction was a loan which was unpaid. The trial court further found that the articles removed from the premises by plaintiff were owned by plaintiff. The court awarded plaintiff $5,000 on the petition and denied defendant relief on the counterclaim. Defendant appeals.

Defendant's first point is that the trial court erred in receiving into evidence plaintiff's Exhibit C for the reason that the evidence was "beyond the scope of the pleadings." Exhibit C was defendant's promissory note dated February 3, 1981, in the principal amount of $5,000, payable 30 days after date, to the order of plaintiff.

"Prejudicial error or reversible error in the admission or rejection of evidence is not an issue on an appeal in an equity case [or in any case tried before the court without a jury]. The issue is whether the evidence should have been admitted and considered, or rejected and not considered, and when that issue is determined the next issue is what the judgment of the court should be, based on a consideration of the competent and admissible evidence." *Thau-Nolde, Inc. v. Krause Dental Sup. & Gold Co., Inc.,* 518 S.W.2d 5, 9 (Mo.1974).

■ Exhibit C was properly admitted. The objection that it was beyond the scope of the pleadings was factually unsound. Defendant's answer alleged that the $5,000 payment, represented by plaintiff's check, was an earnest money deposit. Exhibit C was material to and served to refute that allegation. Defendant's first point has no merit.

Defendant's second point is that the trial court erred in denying defendant relief on his counterclaim because: (a) "all the evidence" was that defendant owned the equipment (four gas pumps, two lights and two air compressors) and there was no substantial evidence that plaintiff, or his al-

leged predecessor in interest, Mobil Oil Corporation, ever owned the equipment; and (b) even if plaintiff or his predecessor at some time owned the equipment, their ownership rights were forfeited when they vacated the premises without removing the equipment.

■ In this non-jury action the trial court "is the arbiter of the facts and may disbelieve and reject any portion of the oral testimony, even though the rejected portion is uncontradicted." *Gover v. Empire Bank*, 574 S.W.2d 464, 469 (Mo.App.1978). The burden of proof was on defendant with respect to the matters asserted in his counterclaim, *Midwestern Realty Corp. v. City of Grandview*, 416 S.W.2d 35, 39[7] (Mo. App.1967), and the general rule is that the burden of showing that the circumstances of the annexation are such as to make an article a fixture is on the party asserting it to be one. 36A C.J.S. Fixtures § 63, p. 730.

■ Missouri cases which discuss the general principles of the law of fixtures include: *Marsh v. Spradling*, 537 S.W.2d 402 (Mo.1976); *Sears, Roebuck & Co. v. Seven Palms Motor Inn*, 530 S.W.2d 695 (Mo. banc 1975); *Cattoor v. Wells*, 641 S.W.2d 492 (Mo.App.1982); *In re Estate of Horton*, 606 S.W.2d 792 (Mo.App.1980); *State ex rel. State Hwy. Com'n v. Wally Hutter Oil Co.*, 467 S.W.2d 279 (Mo.App. 1971). All of those cases hold that a fixture is an article of personal property which becomes annexed to land and becomes a part of the land. They also hold that for an article to become a fixture, three elements must be shown: (1) annexation; (2) the "adaptation" of the article to the location; and (3) the intent of the annexor at the time of the annexation. If an article is a fixture, it belongs to the owner of the land.

■ Of the three elements, intent is the most important. *Marsh v. Spradling, supra; Cattoor v. Wells, supra; State ex rel. State Hwy. Com'n v. Wally Hutter Oil Co., supra.* Intent is generally shown by acts and conduct as distinguished from the harboring of a secret intention. *Marsh v. Spradling, supra; In re Estate of Horton,*

*supra.* The element of annexation has been said to be the least important, *Sears, Roebuck & Co. v. Seven Palms Motor Inn, supra,* and to some extent that element "overlaps" the element of adaptation. *State ex rel. State Hwy. Com'n v. Wally Hutter Oil Co., supra.* Each of the elements, however, must be present to some degree, however slight. *Sears, Roebuck & Co. v. Seven Palms Motor Inn, supra.*

Whether or not an article is a fixture is usually an issue of fact and not one ordinarily resolvable as a matter of law. *Cattoor v. Wells, supra.* In determining whether or not an article is a fixture the courts frequently mention whether or not it may be removed without the infliction of significant damage to the land. *In re Estate of Horton, supra; State ex rel. State Hwy. Com'n v. Wally Hutter Oil Co., supra.*

In differing factual situations, courts have held articles to be fixtures, *Cattoor v. Wells, supra,* (mobile home); *Marsh v. Spradling, supra,* (wooden cabinets constructed on special orders for installation in new homes); *Sears, Roebuck & Co. v. Seven Palms, supra,* (motel draperies, but not bedspreads); or not to be fixtures, *In re Estate of Horton, supra,* (mobile home); *State ex rel. State Hwy. Com'n v. Wally Hutter Oil Co., supra,* (filling station equipment: lighted signs bearing the name "Shell," 10,000 gallon above ground fuel tanks, computer pumps).

■ There was substantial evidence, documentary and otherwise, to support the judgment on the counterclaim. Plaintiff was a gasoline distributor representing various companies but his "main company was Mobil Oil." Defendant purchased the land at an auction sale in April 1975. For several years, commencing in 1975 and ending in 1982, plaintiff sold Mobil products to defendant and, at other times, to a lessee of defendant for resale at the service station on the land.

There was no showing of when or by whom some of the articles were originally installed on the land and the trial court did not have to believe defendant's testimony that some of them were there at the time of

his purchase. The pumps and one of the air compressors were the subject of a written "equipment loan agreement," received in evidence, entered into by Mobil Oil, as the owner-lender, and plaintiff, as the borrower, on September 9, 1975. Plaintiff testified that he was the owner of all of the articles in dispute and that he purchased them from Mobil Oil in April 1978.

During defendant's operation of the service station plaintiff removed one pump and installed dual pumps in its place. Plaintiff also removed one of the air compressors and replaced it with another. There was testimony that the various items of equipment were easily removable and that "the pumps were not affixed to the ground." There was no evidence that the land was damaged by plaintiff's removal of the items.

Defendant asked the court to take judicial notice of plaintiff's answer to an interrogatory in which plaintiff said that he owned the disputed items and that he had removed them in 1982 at the instance of defendant's real estate agent. Plaintiff also testified that he had not previously removed the items because "it is expensive to go in and remove them" and he had thought that the land "would again be a filling station."

Although portions of defendant's evidence tended to conflict with plaintiff's evidence (and also conflicted with defendant's counterclaim with respect to the time of removal), the trial court was justified in finding that defendant had not proved the disputed items to be fixtures and that plaintiff owned them and had not abandoned them.

Defendant's second point has no merit.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and MAUS and PREWITT, JJ., concur.