Josephine O'BRIEN, Respondent,

v.

**Cornelius FUNCK, Appellant.**

No. 16815.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 16, 1990.

---

Ted M. Henson, Jr., Poplar Bluff, for appellant.

Samuel P. Spain, Spain, Merrell and Miller, Poplar Bluff, for respondent.

PER CURIAM.

Plaintiff Josephine O'Brien sued her brother, defendant Cornelius Funck, on a promissory note signed by him and payable to her. Defendant counterclaimed, averring plaintiff breached a contract between them whereby he was to be hired as director of a child day care center owned by her.

The trial court heard the case without a jury and entered judgment for plaintiff on her claim and also for plaintiff on defendant's counterclaim.

Defendant appeals, attacking only that portion of the judgment denying his counterclaim. The first of his two points relied on asserts the denial of the counterclaim was against the greater weight of the evidence.

The burden of proof was on defendant as to all essential elements of his counterclaim. *Wisdom v. Rollins*, 664 S.W.2d 37, 39[2] (Mo.App.1984); *Midwestern Realty Corp. v. City of Grandview*, 416 S.W.2d 35, 39[7] (Mo.App.1967). In this judge-tried case credibility of the witnesses and the weight to be given their testimony was for the trial court, which was free to believe none, part or all of the testimony of any witness. *Herbert v. Harl*, 757 S.W.2d 585, 587[1] (Mo. banc 1988).

The testimony of plaintiff and her witnesses was to the effect that defendant commenced his duties as director when the center opened in September, 1987, but he was there only sporadically and after a few weeks he "just never showed up." As a result, plaintiff had to hire a new director. The testimony of defendant and his witnesses was to the effect that his employment was not to commence until he completed his existing duties with another employer, and that plaintiff fired him before his duties as director were scheduled to begin.

Defendant maintains he and his witnesses were more credible than plaintiff and her witnesses. That, however, is not for us to determine. The choice between the conflicting evidence was for the trial court. *In Interest of R.E.M.*, 712 S.W.2d 398, 402[3] (Mo.App.1986); *Lovan v. City of Festus*, 679 S.W.2d 931, 932[4] (Mo.App. 1984). We do not substitute our judgment for that of the trial court on credibility issues. *Strauss v. Strauss*, 755 S.W.2d 742, 743[1] (Mo.App.1988); *State ex rel. Webster v. Cornelius*, 729 S.W.2d 60, 65[5] (Mo.App.1987). Defendant's first point is meritless.

Defendant's second point:

"The trial court erred in entering judgment against [defendant] on his counterclaim ... on the ground that [it] is barred by the Statute of Frauds because the contract of employment which is the subject of the counterclaim was taken out of the Statute of Frauds by anticipatory performance and by waivers."

The trial court made no findings of fact or conclusions of law, none having been requested. In such circumstances all facts are presumed found in accordance with the result reached, and the judgment is to be upheld on any reasonable theory presented and supported by the evidence. *Mickelson v. Airmen, Inc.*, 712 S.W.2d 714, 715[1] (Mo.App.1986); *Henry v. Cervantes–Diversified and Associates*, 700 S.W.2d 89, 91–92[1] (Mo.App.1985).

In rejecting defendant's first point we held it was the trial court's prerogative to determine which witnesses to believe. If the trial court believed plaintiff and her

witnesses, defendant could not win on his counterclaim. Consequently, the trial court's denial of the counterclaim can be upheld on the basis that it resolved the credibility issues in favor of plaintiff and her witnesses and against defendant and his witnesses. That being so, it is unnecessary to decide whether the counterclaim was barred by the Statute of Frauds. Before leaving that subject, however, we note that nothing in the record supports defendant's assertion that the trial court denied the counterclaim on that ground. Defendant's second point affords no basis for reversal.

No error of law appears, and an opinion setting forth a detailed account of the evidence would have no precedential value. Accordingly, the judgment is affirmed in compliance with Rule 84.16(b), Missouri Rules of Civil Procedure (1990).