**In re Donald Scott ANDERSON and Jeral Lynn Anderson, Debtors.**

**AVCO FINANCIAL SERVICES, Movant,**

v.

**Donald Scott ANDERSON, Jeral Lynn Anderson and Fredrich J. Cruse, Trustee, Respondents.**

**Bankruptcy No. 96–20038–293.**

United States Bankruptcy Court, E.D. Missouri, Northern Division.

July 25, 1996.

Fredrich J. Cruse, Trustee, Hannibal, MO.

Vicki A. Dempsey, Hannibal, MO, for AVCO.

Donald M. Bastian, Rendlen, Rendlen & Bastian, P.C., Hannibal, MO, for Debtors.

Russell J. Kruse, Palmyra, MO, for MCM Savings Bank.

Dave Mobley, New London, MO, for Hannibal National Bank.

### ORDER

JAMES J. BARTA, Chief Judge.

The hearing on the motion of AVCO Financial Services ("Movant") was called on July 23, 1996 at Hannibal, Missouri. The Movant, Donald and Jeral Anderson ("Debtors"), Hannibal National Bank ("Bank"), and MCM Savings Bank, F.S.B. ("MCM") appeared by their respective Counsel and presented oral arguments and other announcements on the record. No witness testimony was presented at the hearing. On consideration of the record as a whole, the Court announced its determinations and orders from the bench.

This is a core proceeding pursuant to Section 157(b)(2)(G) of Title 28 of the United States Code. This is the final Order of the Bankruptcy Court.

Although several issues were suggested by the various pleadings in this matter, the Parties oral arguments concentrated on the question of whether or not the Movant's collateral had become a fixture.

■ On or about July 31, 1995, the Movant was granted a purchase money security interest in certain personal property including residential carpeting, padding and other items. The security interest created by the security agreement was not recorded. At an unknown time after the Debtors purchased this personal property, the carpeting was installed in the Debtors' residence by affixing it to the flooring. The carpet was installed after the Bank had been granted a first deed of trust on the property, but prior to the grant of a lien of a junior deed of trust to MCM.

The Court finds and concludes that in the circumstances presented here, the carpeting was annexed to the realty; that the carpeting was adapted to the use of this real property as the Debtors' residence; and that the Debtors intended that the carpeting would be an accession to the property during the carpeting's useful life. See *Sears, Roebuck and Company v. Seven Palms Motor Inn, Inc.*, 530 S.W.2d 695, 697 (Mo.1975); *Woodling v. Westport Hotel Operating Co.*, 227 Mo.App. 1231, 63 S.W.2d 207, 210 (1933).

The Court also finds that removal of the carpeting from the Debtors' residence is likely to damage the flooring. Furthermore, based on the record presented here, if this carpeting were to be removed, the condition of the home would be such that its fair market value would be less than its fair market value if the carpeting remained in place. The carpeting has been described as wall to wall carpeting that has been installed in more than one room in the Debtors' residence.

■ The Movant's exhibits have established that the Movant was granted a purchase money security interest in the carpeting and other items purchased in July, 1995. Personal property may lose its individual nature as collateral if the property becomes so affixed to real property as to become a fixture. *Seven Palms Motor Inn*, 530 S.W.2d at 696.

In the circumstances presented here, the Court finds and concludes that the carpeting became a fixture attached to the Debtors' real property when it was installed in the Debtors' residence. Therefore, as of the commencement of this case, the carpeting was no longer collateral for the Movant's loan.

No testimony was presented with respect to the physical condition of the carpeting, or with respect to its value as used carpeting if it had to be removed from the premises, or with respect to the cost of repairing the damage to the flooring that is likely to result if the carpeting is removed, or with respect to any damages that might result to the interests of the lienholders if the carpeting were removed prior to a foreclosure or sale. Therefore, there is no basis in equity to

attempt to impress an equitable claim on the proceeds of the sale of this real property in favor of the Movant.

The Court has determined that otherwise cause has not been shown and,

**IT IS ORDERED** that this matter is concluded; and that the Movant's request for relief from the automatic stay to permit it to foreclose its interests on certain carpeting and other materials as described in this motion is **DENIED;** and that all other request for relief are **DENIED.**