**Francis GOFF, Respondent,**

v.

**Leland CASE, Appellant.**

**No. WD 57514.**

Missouri Court of Appeals,
Western District.

May 16, 2000.

---

**6.** The Companies' motion for sanctions and damages for frivolous appeal is denied.

Jean Ann Maneke, Kansas City, for appellant.

David B. Parman, Albany, for respondent.

RONALD R. HOLLIGER, Judge.

Leland Case appeals the trial court's grant of summary judgment on his counterclaim against Francis Goff.[1] Alternatively, he also appeals the court's order denying the joinder of his son as a necessary third party beneficiary of a contract between Case and Goff.

On May 24, 1996, Goff, doing business as Goff Construction, submitted to Case a written proposal to construct a large metal garage and storage building on acreage at Mound City, Missouri. Case was to use the building as his residence and for machinery storage. According to the contract, Case as the "owner" was to finish a concrete base; the building was to be attached to that base. The proposal called

---

1. Case's claim against Goff was dismissed, leaving the summary judgment final for purposes of appeal.

for a total price of $32,953.00 to be paid at certain intervals. Case accepted the proposal the same day. The contract called for completion of the work by July 15, 1996.

Goff undertook the construction of the building. Case apparently made several requests for changes. Ultimately, a dispute arose between the parties as to the changes and alleged defects in the construction. Case refused to pay. As a result, on December 23, 1996, Goff filed a petition in the Holt County Circuit Court seeking an alleged balance due on the contract of $7,164.00. Case filed an answer admitting the contract, denying any balance due, and alleging failure to construct the building as contracted and deficiencies in the construction. A counterclaim incorporated these same complaints, including, more specifically, claims that Goff installed an improper size door and failed to properly insulate the building, causing condensation. Case prayed for unspecified damages for reduction in the value of the building and repairs. Goff's "answer" [sic] to the counterclaim denied any defective construction; Goff admitted that some work remained to be done and claimed that Case refused to let Goff return to the premises to complete the work.

Discovery revealed that Case was not the owner of the fee interest in the land upon which Goff constructed the building; the owner was Case's son, Brett Allyn. Goff then filed a motion for summary judgment on Case's counterclaim alleging there was no genuine issue of material fact, and that Goff was entitled to judgment as a matter of law on the basis that Case could not bring the action because he was not the owner of the real estate. His motion

further postulated that only the "owner" of the real property could make a claim either "for cost of repair" or "diminution of value" damages. Case responded, but referred exclusively to facts included in his answer and counterclaim. He contended that he owned the building and that ownership of the land was irrelevant. Goff's motion was apparently withdrawn without ruling by the court.[2]

Ultimately, Goff filed a new summary judgment motion expanding on the same theory as the first. The second motion alleged with supporting evidence: (1) Case's non-ownership of the land, (2) that there was no agreement between Case and his son that the building not be considered a part of the real estate, (3) that the building had been permanently attached to the real estate, and (4) that Case had no long term leasehold interest in the real estate but only an oral lease for $1.00 per year, and (5) that there was evidence[3] that Case had no intent that the building not become a "fixture" annexed to the real estate. Thus, Goff argued that as a matter of law the building was a fixture and therefore, part of the real estate. He claimed, therefore, that Case had no right to seek damages for defective construction. Case filed no responsive affidavits or evidence, but argued that the building was not a fixture under the law.[4]

On June 22, 1999, the trial court entered an order granting summary judgment as to Case's counterclaim. Thereafter, Case filed a motion for reconsideration and alternatively a request to join his son as a necessary "third party plaintiff" to assert the claim for defective construction. As part of that motion, Case included an affidavit from a witness stating that Goff

---

2. The legal file contains a copy of the court's docket sheet indicating such a withdrawal.

3. Discovery indicated there was no agreement between father and son that the building not be considered part of the real estate, no agreement as to a division of proceeds if the property was sold, no agreement whether the building could be moved in the future, and

Case did not list the building on his personal property assessment.

4. Case, in his response, noted that whether an article is a fixture is usually a question of fact but contended the court could resolve the issue by summary judgment since both parties were arguing that it could.

knew the land was owned by Case's son before entering into the contract. Case does not develop any argument as to the significance of such a fact. If it be estoppel, then that affirmative defense was not pled nor did Case seek leave to amend his answer.

### Discussion

On July 21, 1999, Goff voluntarily dismissed his petition, making the summary judgment on the counterclaim final for purposes of appeal.

On this appeal, Case raises two claims. First, he contends the trial court erred in granting summary judgment because he was the real party in interest to maintain the counterclaim as he was the owner of the building and had a ground lease with his son. Secondly, he claims that, even if summary judgment was proper, the court erred by denying joinder of his son as a necessary party as he was a third party beneficiary to the building contract.

■ On appeal, the standard for review of a summary judgment is de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). No deference is given to the trial court's grant of summary judgment because it is based on the record submitted and effectively is a decision on a question of law. *Id.* A right to judgment as a matter of law must be established by the moving party. *Id.* at 378. Goff as a defending party on the counterclaim must make a *prima facie* showing he is entitled to judgment as a matter of law by showing:

(1) facts that negate any one of the claimant's element facts,

(2) that the non-moving party, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or

(3) that there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly pleaded affirmative defense.

*Id.* at 381.

■ The trial court found that Case had no ownership interest in the real estate under the building and that Case's son owned the building because the son owned the land. The court further held that the three elements for personal property to become a fixture [5] had been satisfied. The court concluded that only the owner of the building can ever maintain a claim for alleged defective construction. Additionally, the court found that Case was not the real party in interest because he did not own the underlying land.

We reverse the grant of summary judgment because Goff was not entitled to judgment as a matter of law.

This is apparently not a situation where Case was an agent acting for a principal (his son) either disclosed or undisclosed.[6] Therefore, his obligation and rights under the construction contract are direct and personal. Goff does not claim, and did not below, that under the contract at the time of execution he had no duties of performance, including any duty to perform the job in a workmanlike manner. Rather, because of the subsequent discovery that Case lacked ownership of the underlying fee upon which he built the structure, he claims he owes no duty of performance to Case because Case's son, not Case, owns the building. Additionally, he contends he owes no duty to Case's son because he was not in privity as a party to the contract.

---

5. The three elements are (1) annexation to the realty, (2) adaptation of the article to the realty, and (3) intent of the annexor that the object become a permanent accession to the real estate. *Wisdom v. Rollins,* 664 S.W.2d 37, 39 (Mo.App.1984).

6. Nor is there an indication that the fee owner has or will deny access to the land or that there is any claim of the fee owner of trespass.

In so arguing, Goff implicitly acknowledges that his own rights and duties arise under the contract with Goff.

Goff points to no authority supporting the proposition that, as a matter of law, a promissor to a contract may avoid his duty of performance of a building contract based on the ownership of the land underlying the building. The reason for that lack of such authority is obvious. The law should not work such an injustice wittingly without strong justification. There is no rule of reason or logic that would support the argument made by Goff. Thus, based upon the record before us, we are not convinced that analogizing from the law concerning fixtures is dispositive of this matter, allowing for resolution by summary judgment.

The law of fixtures has developed as a way of regulating questions of ownership and the right to possession as between competing claimants as to ownership of the claimed fixture or personalty. Goff makes no such claim here. Even the law of fixtures itself shifts and changes emphasis depending upon the relationship between the competing claimants of those ownership or possessory interests. Although always within the general framework of the elements described earlier[7], the presumptions, inferences and emphasis change depending upon whether the interests involved are those of vendor/vendee, mortgagor-mortgagee, landlord-tenant, or licensee or others. *See Thompson Real Property*, Vol. 1, Chp. 2.

An agreement between the landowner and the owner of the fixture will always control as between themselves, but will not affect intervening third parties without notice of the agreement. *Leawood Nat'l Bank v. City Nat'l Bank & Trust Co.*, 474 S.W.2d 641, 644 (Mo.App.1971). Examples of intervening third parties are purchasers, mortgages and condemnors. A landlord and tenant may agree that property remains the personalty of the tenant. In the absence of an agreement authorizing removal of the building, a presumption arises that the building has become part of the realty. *Buhlinger v. United Firemen's Ins. Co.*, 16 S.W.2d 699, 701 (Mo.App. 1929). If the relationship is licensor-licensee rather than landlord-tenant, a different result applies. *Hill v. Eads*, 970 S.W.2d 882, 884 (Mo.App.1998).

Structures built upon someone else's land may remain the personal property of the builder. *See, e.g., Holtgreve v. Sobolewski*, 326 Mo. 412, 31 S.W.2d 993 (1930); *Francis v. Garner*, 56 S.W.2d 158 (Mo.App.1933); *City of Ladue v. St. Louis Public Service Co.*, 168 S.W.2d 966 (Mo. App.1943); also see other cases collected in Gill, *Treatise on Real Property Law in Missouri*, Vol. 1, pp. 480–95. This may occur by agreement or by legal presumption that may vary depending upon the relational status of the parties involved. Under these cases, Case may maintain ownership of the building even though his son owns the underlying land.

Moreover, both parties acknowledge that, under a fixture law analysis, intent is the most important factor. The general principle that intent is a question of fact, not law, applies in this case. *Wisdom v. Rollins*, 664 S.W.2d 37 (Mo.App. 1984). Although the record before the trial court did include facts concerning agreements, oral or written, (actually the absence of each) and lack of future intentions regarding the real estate and building, the record lacks the one bit of uncontroverted evidence necessary to uphold the summary judgment.

Even under the theory of fixtures law adopted by both parties, Goff, to prevail, was required to conclusively show that there was intent by Case, his son, or both, as to the ownership of the building at the time it was constructed. He has not done so and cannot, therefore, prevail on summary judgment. Moreover, there is no finding by the court or conclusive evidence as to what the legal relationship of Goff

---

7. See Footnote 5.

and his son was as to the building and land.

## II.

Case's second point on appeal is that, even if summary judgment be appropriate, the trial court erred in not allowing his son to be joined as a "third party defendant" upon a theory that he was a third party beneficiary to the contract. We need not resolve this alternative argument because of our disposition of Point I. We do observe, however, that in situations somewhat similar, the *builder* has joined the landlord in order to avoid any issue as to who is entitled to damages. *Ozark Skyways, Inc. v. Bomark Steel Structures, Inc.*, 647 S.W.2d 170, 173 (Mo.App.1983).

As stated previously, we are not convinced the doctrine of fixtures has any real application to the situation herein. Nevertheless, even under a fixture analysis, Goff has not shown he is entitled to judgment as a matter of law.

For the reasons stated herein, we reverse and remand to the trial court for further proceedings.

EDWIN H. SMITH, Presiding Judge, and VICTOR C. HOWARD, Judge, concur.