**In the Matter of Dail WHITE, Appellant,**

v.

William H. BUNTIN and Nellie M. Buntin, Respondents.

No. ED 80214.

Missouri Court of Appeals, Eastern District, Northern Division.

June 18, 2002.

Mark S. Wasinger, Hannibal, MO, for appellant.

Rickey R. Roberts, Kahoka, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Dail White ("tenant") appeals from a judgment of the Circuit Court of Clark County, granting William H. Buntin and Nellie M. Buntin ("purchasers") possession of real estate, including certain improvements made by tenant consisting of fill dirt, driveways, and drain tiles. Tenant claims the trial court erred in finding the Buntins to be "innocent purchasers" who took title to the real estate without knowledge of the terms of an oral lease granting tenant the right to remove the fixtures, because purchasers neglected their duty of inquiry of the possessor of the land. We affirm.

The following are the facts viewed in the light most favorable to the judgment. In 1992, tenant leased a tract of land from the owner M.R. Hudson ("landowner") in Clark County for the purpose of selling fireworks. Tenant's interest was on a year-to-year basis under the terms of an oral lease with landowner.

Landowner granted tenant the right to construct a portable building on the land and put fill dirt, driveways, and drain tiles on the land. Tenant contends that under the terms of his oral lease with landowner, he retained the right to remove the building, fill dirt, driveways and drain tiles at the conclusion of his lease.

Purchasers were interested in buying the land. Landowner told purchasers that tenant had a year-to-year lease to sell fireworks there during fireworks season. Landowner also showed purchasers a written lease from previous tenants. He explained that the terms of the lease were mainly still in effect pursuant to the oral lease with the current tenant. From their

discussions with landowner, purchasers understood that the property would be sold in the condition it was in, but there was some question about the building. The building was on skids, and purchasers did not know how much of it landowner owned. Purchaser Mr. Buntin testified that this was reflected in the price and he "basically paid for the ground." Landowner did not inform purchasers of any claim by tenant to a right to remove the fill dirt, driveways, and drain tiles.

Purchasers bought the land on December 28, 2000, from the estate of landowner, who had died. The estate's appraisal of the land did not include the building, and the appraisal made no reduction in the valuation of the land for the fill dirt, driveways, and drain tiles claimed by tenant. At the time of sale, tenant was in possession of the land. Purchasers notified tenant that his tenancy would not be extended into 2001. On January 23, 2001, purchasers served a notice of eviction on tenant, which demanded he vacate the premises. Tenant did not vacate and surrender possession of the land and did not pay rent to purchasers. Purchasers filed a lawsuit for rent and possession, and then requested an injunction against tenant to prevent him from removing the fill dirt, driveways, and drain tiles from the land.

The trial court determined that purchasers were innocent purchasers who took title to the land without knowledge of the "secret" terms of the oral lease allowing tenant to remove fill dirt, driveways, and drain tiles. The court found that at no time did landowner or anyone ever disclose to purchasers anything about the removal of the fill dirt, driveways, and drain tiles, and there was no adjustment in the ap-

praisal for their removal. The court found that those items were "affixed to" and were "an intricate part" of the real estate, and that "their removal would be very difficult and would substantially destroy the real estate and would render it useless and of· very little value to anyone." It therefore granted purchasers immediate possession of the land, including the fill dirt, driveways, and drain tiles.[1] Tenant now appeals.

■ The judgment of the trial court will be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

In tenant's sole point on appeal, he claims that the trial court erred in declaring that the fill dirt, driveways and drain tiles were the property of purchasers because they had the legal duty to inquire of tenant, as possessor of the land, as to the terms of the oral lease. Purchasers claim that any alleged secret intention or agreement not known by them as innocent purchasers should not be considered and that the intention to annex articles to land may be inferred from the surrounding circumstances.

■ There are three elements which must be satisfied in order to determine whether property has become a fixture. *Rothermich v. Union Planters Nat. Bank*, 10 S.W.3d 610, 614 (Mo.App.2000). These are: "annexation to the realty, adaptation to the use to which the realty is devoted, and intention that the object become a permanent accession to the land." *Id.* In the present case, we do not need to reach the issue of whether the driveways, drain

---

1. The trial court also found that at the time of trial, tenant had removed the building that he constructed on the real estate, and that he was entitled to retain ownership of the build-

ing. There is no issue on appeal concerning the building, damages for rent, or possession of the real estate other than the fill dirt, driveways, and drain tiles.

tile and fill dirt are fixtures. However, we note that there was substantial evidence to support the finding of the trial court that the dirt, driveways and drain tiles were annexed to the land and became such an integral part of the land itself that they would have been difficult to remove from the property and would render it useless and of little value. Moreover, with respect to the fill dirt, the court could reasonably have considered that the majority of the dirt came from the landowner's property itself and would be difficult to separate and remove from the land.

■ Although a landowner can enter into an agreement with another that what would normally be a fixture will remain as personalty, such an agreement cannot be given effect against the rights of intervening third parties without notice. *Id.; Goff v. Case*, 17 S.W.3d 574 (Mo.App.2000). Purchasers here were intervening third parties who were not bound by any agreement between landowner and tenant unless purchasers had notice of the alleged oral agreement to remove the fixtures. The issue in the present case, therefore, is what was necessary to charge the purchasers with notice of the oral agreement between the landlord and the tenant allowing removal of fixtures.

■ Notice can be either constructive notice under the recording laws or actual notice. *Leawood Nat. Bank of Kansas City v. City Nat. Bank & Trust Co. of Kansas City*, 474 S.W.2d 641, 644 (Mo. App.1971). A subsequent purchaser of realty is deemed to purchase with constructive notice of the contents of all recorded instruments. Section 442.390 RSMo; *Hamrick v. Herrera*, 744 S.W.2d 458, 461 (Mo. App.1987). In this case, there was no constructive notice. There was nothing of record concerning the oral lease. Lease provisions which attempt to change the character of property affixed to the real estate are not binding on purchasers where not of record. *Leawood Nat. Bank*, 474 S.W.2d at 645. There was no evidence in this case of any written, recorded lease or other instrument which would give constructive notice of tenant's agreement with landlord to remove the fill dirt, driveways, and drain tiles.

■ We turn to the issue of actual notice. Here, there is no evidence that purchasers had actual notice from anyone of tenant's claim to the fill dirt, driveways, and drain tiles. But that does not end our inquiry. Actual notice in regard to the contents of agreements affecting real estate can include circumstances where the purchaser is charged with notice, if the purchaser has knowledge of facts which would put an ordinarily prudent person on inquiry. *Hamrick v. Herrera*, 744 S.W.2d at 462. Under such circumstances, the purchaser is considered to have "notice of such facts as would be disclosed by reasonable pursuit and proper inquiry." *Id.* If a purchaser has knowledge from any source which should "reasonably put him on inquiry," he is charged with the knowledge he would gain by making that inquiry. *Woodbury v. Connecticut Mutual Life Ins.*, 350 Mo. 527, 166 S.W.2d 552, 555 (1942).

The evidence shows that purchasers knew there was a tenant in possession of landowner's land and knew there was an oral lease agreement between tenant and landlord. Purchasers talked to landowner about the lease and its terms. Landowner disclosed that tenant had an oral year-to-year lease. Landowner showed purchasers a written lease with the previous tenant and said the terms were mainly still in effect under the oral lease with tenant. Landowner and tenant did not tell purchasers of any claim by tenant of the right to remove the fill dirt, drain tile, and driveways affixed to the land.

The appraisal of landlord's estate supports purchasers' claim that they had no notice of any claim by tenant of rights to the land, except for the building. The appraisal did not include the value of the building claimed by tenant, and made no adjustment and reduction for the value of fill dirt, drain tiles, and driveways also claimed by tenant. There was evidence that purchasers were aware that tenant "had a lot to do with" putting a building on the property and that he brought in some fill dirt. But tenant acknowledged that the "majority" of the fill dirt came from the ground the building had originally sat on, formerly owned by landowner. The evidence in this case, viewed under this court's standard of review in the light most favorable to the judgment, does not show the existence of any circumstances that would have reasonably put purchasers on inquiry of the tenant as to any claim to the fill dirt, driveways, and drain tiles located on the land purchasers were buying.

Tenant cites *Woodbury v. Connecticut Mutual Life Ins.*, 350 Mo. 527, 166 S.W.2d 552 (1942) and *Janss v. Pearman*, 863 S.W.2d 643 (Mo.App.1993) for the proposition that purchasers had a duty to inquire of the possessor of land and they take subject to the rights of those in actual possession. Tenant's reliance on these cases is misplaced.

In *Woodbury*, the Supreme Court held that where the person in possession "holds otherwise than through the record owner ... the purchaser from the record owner is charged with such knowledge as can be obtained by reasonable inquiry from the possessor." *Woodbury*, 166 S.W.2d at 555. In *Woodbury*, a purchaser acquired an apartment building from an individual who allegedly had defective title because he used funds from an estate in which he was the executor to purchase the property individually. The court held that the purchas-

er of the apartment building was an innocent holder for value without notice and had no duty to inquire of the tenants of the apartment building as to defects in the owner's record title. It was in this factual context of a tenant in possession holding otherwise than through the record owner that the *Woodbury* court stated that "if the rights of the tenant himself are involved, it is incumbent on the purchaser to inspect the lease, if in writing, or to make inquiry of both the landlord and the tenant if the lease is verbal." *Id.* The *Woodbury* court discussed *Langford v. Welton*, 48 S.W.2d 860 (Mo.1932) and other cases relied on by the appellant as authority for charging the purchaser with such knowledge as can be obtained by reasonable inquiry from the possessor. The court noted that these cases dealt either with situations where the person in actual possession of the real estate held possession adversely to the holder of the record title or had constructive knowledge derived from recorded instruments. In contrast, in the instant case, record title was not at issue, and the tenant in possession held through the record owner, not "otherwise than through the record owner" as in *Woodbury*. "Possession of real property as tenants of the holder of the record title is not notice of any right other than a right to occupy as tenants." *Woodbury*, 166 S.W.2d at 556.

The *Janss* case is also distinguishable. In *Janss*, the tenants had a written unrecorded lease containing the right of first refusal for the purchase of property they were leasing. During the term of the lease, the lessors sold the property to a purchaser without granting tenants the opportunity to buy the property. The purchaser had knowledge that lessees were in possession under a written lease. And there was evidence that two years before the sale one of the lessees told the purchaser that lessees had an "option," and the purchaser asked nothing about the op-

tion. The court found that the purchasers had a duty to investigate the terms of the written lease and that there was substantial evidence to support the trial court's finding that such investigation would have revealed the "right of first refusal." *Janss,* 863 S.W.2d at 650. The facts in the instant case differ significantly from *Janss.* Here the lease was oral, not written as in *Janss.* And here the tenant made no statements or representations to the purchasers that he claimed any interest in the fill dirt, driveways or drain tiles. In contrast, the lessees in *Janss* told the purchaser they had an "option," and purchaser asked nothing about the option. And in the present case, the purchasers did make reasonable inquiry of the landowner as to the terms of the oral lease, and such inquiry failed to disclose any claim of tenant to the fill dirt, drain tiles, and driveways.

On the record in this case, the trial court did not err in refusing to charge the purchasers with actual or constructive notice of any oral agreement giving tenant the right to remove fill dirt, drain tiles, or driveways. The judgment of the trial court is not against the weight of the evidence, and did not erroneously declare or apply the law.

The judgment of the trial court is affirmed.

JAMES R. DOWD, C.J., and MARY R. RUSSELL, J., concur.