GEORGE W. DRAPER III, JUDGE
I concur with the holdings in sections IA, II-A and -B, and III of the per curiam opinion. I respectfully dissent. from the holding in I-B because, while Brentwood Glass may have had the legal right to perfect its mechanic’s lien against Cornerstone’s leasehold interest, I believe its failure to comply with section 429.08(1, RSMo Supp. 2005,[1] precludes Brentwood Glass from doing so.
I further dissent from the per curiam opinion’s holding in section II-C, which reverses the circuit court’s entry of summary judgment in the defendants’ favor, finding there are genuine issues of material fact regarding the validity of Brentwood Glass’s mechanic’s lien. I do not believe Brentwood Glass demonstrated substantial compliance with section 429.080, in that its lien statement did not contain a “just and true account” of the demand due, thus, vitiating the lien. Accordingly, the defendants were entitled to judgment as a matter of law on this claim.[2]
A party seeking to enforce a mechanic’s lien bears the burden of proving substantial compliance with the essential elements of the applicable statutes. Winters Excavating, Inc. v. Wildwood Dev., L.L.C., 341 S.W.3d 785, 790 (Mo.App.S.D.2011). One of the essential elements to be proven is that *308 the lien statement contains “a just and true account of the demand due ... after all just credits have been given[.]” Section 429.080. “It is generally recognized that a lien statement may be regarded as ‘just and true,’ so as not to vitiate the entire .lien, if the inclusion of a nonlienable item is the result of honest mistake or inadvertence without intent to defraud and if the nonlienable can be separated from the. lien-able items.” Sears, Roebuck & Co. v. Seven Palms Motor Inn, Inc., 530 S.W.2d 695, 698-99 (Mo.banc 1975). “Arithmetic errors, errors of coriiputation, inadvertence, or mistake in the preparation of the account, where there is no showing of the lienor’s bad faith, should not defeat the lien.” Missouri Land Dev. Specialties, LLC v. Concord Excavating Co., 269 S.W.3d 489, 498 (Mo.App.E.D.2008). In this case, uncontested evidence demonstrates that Brent-wood Glass included nonlienable items in its lien statement -that cannot be excused as matters of inadvertence, Computation errors, or honest mistakes.
First," Brentwood Glass demanded payment in excess of $1 million above its contract price for “extra” work it contends it did on the project. Brentwood Glass concedes its contract with Pal’s Glass required that any changes in the scope of the work that affected the price to be paid had to be documented by a change order. Brentwood Glass'admits these change orders were not executed, the “extra” work was beyond the scope of the contract, and clearly the “extra” work affected the contract price. Thus, Brentwood Glass included items that were not authorized by its contract.
Second, in addition to billing for $1 million worth of work not approved by any change order, Brentwood Glass’ lien statement. billed its work at $70.00 per hour, despite the fact it contracted with Pal’s Glass to perform the work at $62.00 per hour. Brentwood Glass admits that it inflated the hourly rate, explaining it was entitled to the reasonable value of the labor and material it furnished. Although Brentwood Glass concedes the contractual labor rate constitutes evidence of the reasonable value of the work, it claims this rate is not conclusive but does not cite any caselaw to support- this proposition. Alternatively, if the contractual rate should apply, Brentwood Glass posits that asking for an increase was an “honest mistake.” Brentwood Glass did not make an honest mistake by deliberately increasing its hourly rate as reported in the lien statement in order to compensate itself based on a new determination of the reasonableness of its work.
Finally, Brentwood Glass failed to credit Clayco for the $47,433.92 payment Clayco made to Brentwood' Glass’s unpaid subcontractors and material suppliers. Brentwood Glass explained that it was unaware of this payment; therefore, ⅛ was yet another “honest mistake” to include this amount in its lien statement. This explanation is not persuasive. Even setting aside the issue of how to characterize the legal effect of the partial lien waivers Brentwood Glass executed throughout this project, the last lien waiver Brentwood Glass executed averred, “We also hereby acknowledge that all of our material suppliers and subcontractors have been paid in full by us and cannot claim or right to lien on the above stated project.” Even if Brentwood Glass was unaware of Clayco’s payment so that it was unable to give proper credit, based on its representation in the last executed partial lien waiver, none of its subcontractors or material suppliers should have been due any payment that would be entitled to a credit. Hence, the inclusion of any monies due to subcontractors and material suppliers was deliberate.
*309 “[Wjhen nonlienable items are included in a lien statement deliberately, knowingly, and intentionally,” the account filed is not considered “just and true.” Putnam v. Heathman, 367 S.W.2d 823, 829 (Mo.App.W.D.1963). “[A]n unjust and untrue account, knowingly made, forms no basis for a lien, and no foundation for a cause of action to enforce it, but vitiates the entire right of lien.” Id. at 828 (quoting Gill v. Harris, 224 Mo.App. 717, 24 S.W.2d 673, 677 (1930)). Undisputed evidence demonstrates Brentwood Glass deliberately, knowingly, and intentionally included non-lienable items in its lien statement that were not a result of computation error, inadvertence or honest mistake. Thus, Brentwood Glass failed to carry its burden of proving it substantially complied with the applicable mechanic’s lien statutes. I would affirm the circuit court’s entry of summary judgment in defendants’ favor on this claim and on all other claims.

. All statutory references áre to RSMo 2005.

. I agree with the per curiam opinion’s assertion that Brentwood Glass cannot maintain a mechanic’s lien action against the county. Accordingly, the county is entitled to judgment as a matter of law on this claim. -